**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Carnetha McWhite Gray, ) | |
| ) | Civil Action No. 5:14-cv-01172-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Carnetha McWhite Gray ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, issued in accordance with Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 26.) On July 16, 2015, the Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Id.) Plaintiff timely filed objections to the Report. (ECF No. 28.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report. (See ECF No. 26 at 1–10.) The court concludes, upon its own careful review of the record, that the Report's factual and procedural summation is accurate, and the

court adopts this summary as its own. The court will only reference herein background pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on March 18, 1964, and was 46 years old as of her alleged disability onset date of November 18, 2010. (Id. at 2.) Her past relevant work included duties as a medical assistant and daycare worker/owner. (Id.) Plaintiff claimed the illnesses and conditions that limit her ability to work are rheumatoid arthritis and residuals of breast cancer. (Id.) On April 27 and May 13, 2011, Plaintiff applied for DIB and SSI. (Id. at 1.) Plaintiff's application was denied initially and upon reconsideration. (Id. at 1-2.) Upon request, on May 22, 2013, the Administrative Law Judge ("ALJ") held a hearing.[1] (Id. at 2.) On September 5, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. (Id.)

Subsequently, on March 28, 2014, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying her claim for DIB and SSI. (ECF No. 1.) On July 16, 2015, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB and SSI be affirmed. (ECF No. 26.) Plaintiff filed timely objections to the Magistrate Judge's Report on July 30, 2015. (ECF No. 28.) The Commissioner filed a Reply on August 14, 2015. (ECF No. 30.)

---

[1] At her hearing, Plaintiff testified that her onset date corresponded to the date she was diagnosed with breast cancer. (Id. at 3 (adding that she had surgery on December 9, 2010, and officially stopped running the daycare on December 12, 2010, so she could undergo chemotherapy).) Plaintiff underwent radiation from July to August 2011, and testified that she did not return to work because of her rheumatoid arthritis. (Id. at 3-4 (adding that her therapy treatment for arthritis ceased when she was diagnosed with breast cancer).) Plaintiff testified that some days her arthritis is more severe than others. (Id. at 4 (testifying that she had problems with her hands, ankles, knees, and hips).) Plaintiff regularly sees Dr. Bruce Goeckeritz ("Dr. Goeckeritz"), a rheumatologist. (Id.) Since her severe onset of rheumatoid arthritis, Plaintiff testified to all the activities she could no longer perform. (Id. at 4-5 (testifying that her cooking, sitting, standing, bathing, and walking were restricted).) Moreover, Plaintiff testified that she experienced three bad days a week for over a year, and cannot get out of bed on the bad days. (Id. at 5.)

## II.  LEGAL STANDARD

### A.  The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

### B.  Judicial Review of the Commissioner

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are

3

to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

### III.  ANALYSIS

Plaintiff raises three objections. Plaintiff objects to the Magistrate Judge's findings as to the opinions of her two treating physicians (Dr. Goeckeritz and Dr. Patterson) and her determination that Plaintiff's residual functional capacity ("RFC") was supported by substantial evidence. (See ECF No. 28.) Additionally, Plaintiff objects to the Magistrate Judge's failure to address the Commissioner's subsequent decision to find Plaintiff disabled on the allegedly same record. (Id. at 5.)

1.  Treating Physicians' Opinions

Plaintiff raises a number of arguments regarding the ALJ's assessment of the treating physicians' opinions. Plaintiff first maintains that the ALJ mischaracterized the nature of Dr. Goeckeritz's statement and emphasizes that it was not a forbidden opinion on the ultimate issue of disability. (Id. at 2.) Specifically, Plaintiff contends that a medical opinion that is not well supported means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected. (Id. at 3 (citing Social Security Ruling ("SSR") 96-2p).) The regulations provide that "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled" and such statements are not given "special significance." See 20 C.F.R. §§ 404.1527(d), 416.927(d). Dr. Goeckeritz stated that: "[Plaintiff] is currently unable to work due to our inability to control her musculoskeletal

4

symptoms, which limit her ability to perform work. At this time I consider [Plaintiff] totally disabled." (ECF No. 26 at 14-15.) Here, the ALJ properly determined that Dr. Goeckeritz's opinion regarding Plaintiff's disability was not a medical opinion but an administrative finding. See Edwards v. Colvin, No. 4:14–CV–94–D, 2015 WL 5038714, at *4 (E.D.N.C. July 14, 2015) (stating that "an opinion that a claimant is 'disabled' or 'unable to work' is not a medical opinion but an administrative finding").[2] Accordingly, Plaintiff's objection is without merit.

Next, Plaintiff maintains that the only evidence cited by the ALJ as contradictory to the treating physicians' opinions is the supposed inconsistency of Plaintiff's symptoms, lack of clinical findings, and the opinions of state agency chart reviewers. (ECF No. 28 at 3-4 (adding that the evidence was mixed and that the ALJ ignored the intermittent nature of Plaintiff's rheumatoid arthritis).) "When evaluating medical opinions, the ALJ should consider '(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) (unpublished) (quoting Johnson v. Barnhart, 434 F.3d

---

[2] The district court in Edwards stated in full that:

> Opinions from medical sources on the ultimate issue of disability are reserved to the Commissioner and are not entitled to any special weight based on their source, in particular controlling weight. See 20 C.F.R. § 404.1527(d)(1), (3); Soc. Sec. R. 96–5p, 1996 WL 374183, at *2, *5 (July 2, 1996); Dowdle v. Astrue, No. 2:10–CV–2308–MBS, 2012 WL 887471, at *8 (D.S.C. Mar. 15, 2012) ("An opinion that a claimant is 'disabled' or 'unable to work' is not a medical opinion but an administrative finding, and a physician's opinion on this ultimate issue is not entitled to special weight."). Nonetheless, these opinions may not be ignored, but must be evaluated using the applicable factors in the 20 C.F.R. § 404.1527(c). Soc. Sec. R. 96–5p, 1996 WL 374183, at *3.

Edwards, 2015 WL 5038714, at *4.

650, 654 (4th Cir. 2005)). Importantly, "[a]n ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." Id. (citations omitted). Here, in reaching her conclusion, the Magistrate Judge recounted the ALJ's consideration of Plaintiff's appointments with Dr. Goeckeritz. (ECF No. 26 at 16 (noting, *inter alia*, that Dr. Goeckeritz found that there was no evidence of swelling or limited motion of her hands, some swelling of her wrists, that her elbows and shoulders were unremarkable, bilateral swelling and tenderness of her ankles, and upon a return visit, that her pain complaints seemed disproportionate to the clinical findings").) Moreover, the Magistrate Judge properly noted that Dr. Goeckeritz had not identified "any clinical findings to support this generic conclusion of disability, nor ha[d] he described specific functional limitations in [Plaintiff] that would preclude work." (Id. at 15.) As for Dr. Patterson, the Magistrate Judge properly noted the ALJ's finding that Dr. Patterson's opinion that Plaintiff's limitations would preclude all work activity was not supported by objective clinical findings or persuasive in evaluating Plaintiff's disability. (Id. at 16-18 (noting, *inter alia*, that Dr. Patterson stated that Plaintiff requires a cane to ambulate, whereas Plaintiff denied using a cane).) Accordingly, the court finds that the ALJ did not err by not giving controlling weight to Dr. Goeckeritz's and Dr. Patterson's assessments.

Finally, Plaintiff maintains that the ALJ erred in relying on the state agency consultants' assessments. Specifically, Plaintiff argues that the state agency consultants had less knowledge and qualifications as Plaintiff's treating physicians, and that neither had access to Plaintiff's medical history up to the date of hearing. (ECF No. 28 at 6-7.) If supported by the medical evidence as a whole, an ALJ may assign great weight to state agency consultants who have not

6

had the benefit of the full record. See Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (unpublished) (stating that while the state agency consultants did not have benefit of the whole record, "the ALJ did, and he made clear that their findings were consistent with the evidence of record, including evidence submitted since the date of reconsideration"); Lee v. Colvin, No. 0:14-292, 2015 WL 3966235, at *12 (D.S.C. June 30, 2015) ("[O]pinions from non-examining physicians, which in this case are opinions from state agency reviewers, can constitute substantial evidence in support of an ALJ's decision over the opinion of an examining physician so long as the opinions from the non-examining physicians are consistent with the record as a whole." (citing Smith v. Schweiker, 795 F.2d 343, 345–46 (4th Cir. 1986) and Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004))).

Upon review, the court finds that the ALJ properly considered the state agency consultants' assessments. In the Report, the Magistrate Judge discussed the state agency consultants' opinions that Plaintiff could perform light work, and properly determined that these opinions were persuasive contrary evidence to the opinions of Plaintiff's treating physicians. (ECF No. 26 at 18.) Despite these opinions, the Magistrate Judge explained how the ALJ found that Plaintiff was limited to performing sedentary work rather than light work. (Id. (maintaining that the "evidence as a whole more persuasively establishes" the RFC he described).) In approving the ALJ's decision to accord less weight to the treating physicians' assessments, the Magistrate Judge found that while the ALJ had neglected to include Plaintiff's appointment with Dr. Patterson on February 15, 2012 in his medical chronology, the ALJ had "properly recounted medical findings and assessments from Plaintiff's examinations. (ECF No. 26 at 18 (noting that Plaintiff had stated during the February 15 examination that she was having issues with rheumatoid arthritis and that no other objective findings were noted during this examination).)

Given the ALJ's consideration of all medical opinions and objective medical findings, the court finds that the Magistrate Judge properly concluded that the ALJ's reliance and consideration of the state agency consultants' assessments was proper and that the ALJ's decision was based on substantial evidence. See Johnson, 434 F.3d at 653 (stating that in reviewing the ALJ's decision for substantial evidence to support the ALJ's factual findings, the court will not reweigh conflicting evidence or substitute its judgment for that of the ALJ). Accordingly, Plaintiff's objection is without merit.

    2. Residual Functional Capacity

Plaintiff objects to the Magistrate Judge's finding that the ALJ followed the mandates of the regulations when making his RFC determinations. (ECF No. 28 at 4.) Plaintiff maintains that the ALJ emphasized the dates Plaintiff had minimal symptoms and impermissibly second guessed medical experts by claiming they lacked objective evidence. (Id. at 5.) Moreover, Plaintiff argues that the state agency chart reviewers had less knowledge and qualifications as Plaintiff's treating physicians, and that neither state consultant had access to Plaintiff's medical history up to the date of hearing. (Id. at 6-7.) The court observes that Plaintiff merely rehashes arguments that were properly considered and rejected by the Magistrate Judge. (Compare ECF No. 28 at 4-7, with ECF No. 20 at 11-12); see Felton v. Colvin, C/A No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014) ("The Court may reject perfunctory or rehashed objections to R & R's that amount to 'a second opportunity to present the arguments already considered by the Magistrate–Judge.'" (quoting Gonzalez–Ramos v. Empresas Berrios, Inc., 360 F. Supp. 2d 373, 376 (D.P.R. 2005))). As previously discussed, an ALJ is permitted to rely on state agency consultants' opinions over the treating physicians' opinions. Accordingly, Plaintiff's objection is without merit.

3. Subsequent Award of Benefits

Plaintiff maintains that the Magistrate Judge failed to address the fact that the Commissioner found "[Plaintiff] disabled, on the same record, for the same impairments, a mere six months after this unfavorable decision." (ECF No. 28 at 5.)  Relying on the United States Court of Appeals for the Fourth Circuit's unpublished decision in Baker v. Comm'r of Soc. Sec., 520 F. App'x 228, 229 n.1 (4th Cir. 2013), the Commissioner argues that Plaintiff has failed to meet her burden of showing that the evidence relied on in the subsequent favorable decision pertains to the period under consideration here.  (ECF No. 30 at 11-12.)  In Baker, the Fourth Circuit rejected a claimant's argument that she was entitled to remand on the basis of a subsequent administrative decision awarding benefits.[3]  See Baker, 520 F. App'x at 229 n.1 (noting that a "subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)").)  The court agrees.

---

[3] "In determining whether a Sentence Six remand is appropriate on the basis of new evidence, the Court must consider whether the additional evidence is material, and whether there is good cause for failing to incorporate such evidence into the record in a prior proceeding." Campbell v. Astrue, No. 2:11cv563, 2013 WL 1213057, at *7 (E.D. Va. Mar. 1, 2013) (citing § 405(g)). The court in Campbell explained that:

> A court may grant a Sentence Six remand where (1) the evidence is neither cumulative nor duplicative of evidence submitted in a prior proceeding; (2) the evidence is relevant to the determination of disability at the time the claimant filed his application and the Commissioner's decision might reasonably have been different had the new evidence been considered; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has made a general showing of the nature of the new evidence to the reviewing court.

Id. (citations omitted).

In reaching this conclusion, the court acknowledges the Fourth Circuit's decision in Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) and the line of cases remanding where there is little or no intervening gap between a denial of disability and a finding of disability. See, e.g., Smith v. Astrue, No. 5:10-CV-219-FL, 2011 WL 3905509, at *3 (E.D.N.C. Sept. 2, 2011) ("The finding of disability commencing only four days after the denial of disability is new and material evidence, and . . . calls into question whether all material evidence was considered in the former determination."). The Fourth Circuit in Bird found that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." Id. at 343 (citation and internal quotations omitted); see Pulley v. Colvin, No. 4:11–CV–85–FL, 2013 WL 2356124, at *2 (E.D.N.C. May 29, 2013) ("[I]f a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the Social Security Administration itself also is evidence."). The court in Bird addressed whether the ALJ erred in failing to consider medical evidence that was created after the last date of the claimant's insurance coverage and in failing to assign more weight to the disability determination of the Department of Veterans Affairs ("VA"). Id. at 338-39. Upon consideration of the medical evidence at issue, the Fourth Circuit held that the "retrospective consideration of evidence is appropriate when the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms." Id. at 341 (citations and internal quotations omitted).[4]

---

[4] Additionally, the Fourth Circuit in Bird stated: "Thus, we conclude that the evidence in the record provided a sufficient linkage reflective of a possible earlier and progressive degeneration, requiring that the ALJ give retrospective consideration to the psychological evidence summarized in the VA rating decision and the Cole Report." Id. at 342 (citation and internal quotations omitted).

Importantly, the decision in Bird was based on evidence already in the record and not new evidence. Id. at 345 n.6 (declining plaintiff's request to remand to the ALJ for consideration of new evidence); Bettie v. Colvin, No. 2:12-cv-00025-MOC-DHL, 2013 WL 5849147, at *5 n.2 (W.D.N.C. Oct. 30, 2013) (finding that Bird did not address "the issue of whether a district court should remand a case based on the submission of evidence to the district court that was not part of the record before the ALJ or the Appeals Council").) Here, unlike Bird, Plaintiff is seeking remand based upon evidence that did not exist prior to the ALJ's determination, not upon evidence that was improperly considered. See Campbell, 2013 WL 1213057, at *9 (distinguishing Bird). Therefore, the court finds that Bird does not apply.

Finally, while some courts have found remand to be warranted when there is little or no intervening gap between a denial of disability and a finding of disability, this is not the case presented here. See Pulley, 2013 WL 2356124, at *4 ("This court in prior decisions has remanded on the same basis presented here, where the [SSA] finds the claimant disabled in period commencing within the same month after the first ALJ's denial of disability." (citing Brunson v. Colvin, No. 5:11-CV-591-FL, 2013 WL 1332498, at *2-3 (E.D.N.C. Mar. 29, 2013))); Outlaw v. Colvin, No. 5:11–CV–647–FL, 2013 WL 1309372, at *2-3 (E.D.N.C. Mar. 28, 2013) ("[A] subsequent decision finding disability commencing one day after the prior denial of disability calls into question whether all relevant impairments properly were considered in the prior determination."); Bradley v. Barnhart, 463 F. Supp. 2d 577, 581 (S.D. W. Va. 2006) (acknowledging that "an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome of the claim").

11

Although Plaintiff has provided an attachment (ECF No. 23-1) confirming the subsequent favorable disability determination, the court observes that Plaintiff neglects to articulate an argument acknowledging these cases and finds that this attachment does not indicate the period under consideration in the subsequent appeal nor the grounds for the disability determination. See Baker, 520 F. App'x at 229 n.1; Greifenstein v. Colvin, No. 2:13cv81, 2014 WL 198720, at *4 (E.D. Va. Jan. 15, 2014) ("To read Bird to hold that post-[date last insured] medical opinions can, in and of themselves and without any meaningful corroboration by pre-[date last insured] evidence, create an inference of linkage is untenable."). The Commissioner indicates that the case before this court deals with Plaintiff's April 27, 2011 and May 13, 2011 applications for SSI and DIB. (ECF No. 30 at 11 n.6 (adding that Plaintiff's attachment indicates that she received an award of benefits based on a May 22, 2014 application for SSI).[5]  Despite Plaintiff's argument that the Commissioner found her disabled only six months after the ALJ's denial of disability, Plaintiff fails to provide a minimum of evidence, beyond the award/disability determination itself, that would allow the court to create an inference of linkage.  Because Plaintiff fails to demonstrate how this decision is relevant to this claim, the court finds that Plaintiff's objection is without merit.

### III.  CONCLUSION

For the reasons set forth herein, the court **ACCEPTS** the Report (ECF No. 26) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income.

---

[5] A review of Plaintiff's attachment (ECF No. 23-1 at 3) indicates that Plaintiff was found disabled on March 1, 2014.  See Woodall v. Colvin, No. 5:12-CV-357-D, 2013 WL 4068142, at *6 (E.D.N.C. Aug. 12, 2013) (stating that the disability onset date, not the application date, is the proper date to use in determining materiality).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 30, 2015
Columbia, South Carolina

13